**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1040**

BARRY ZUCKERMAN; ARLENE ZUCKERMAN,

             Plaintiffs - Appellants,

        v.

WAL-MART STORES EAST, L.P.; WAL-MART STORES, INC.;
LOUISVILLE LADDER, INC,

             Defendants - Appellees,

        and

DAVIDSON MANUFACTURING CORP LLC; DAVIDSON LADDERS NEVADA
INC,

             Defendants.

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.   Sol Blatt, Jr., Senior District
Judge.   (9:12-cv-02463-SB)

Submitted:  June 22, 2015              Decided:  July 6, 2015

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kathleen C. Barnes, BARNES LAW FIRM, LLC, Hampton, South
Carolina, for Appellants.  Mark S. Barrow, J. Eric Cavanaugh,

William R. Calhoun, Jr., SWEENY, WINGATE & BARROW, P.A., Columbia, South Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This products liability action arises from Barry Zuckerman's fall from a ladder. Barry and Arlene Zuckerman appeal the district court's orders excluding their expert witness, Dr. Kelkar; denying reconsideration of that order; and granting summary judgment to Wal-Mart Stores East, L.P., Wal-Mart Stores, Inc., and Louisville Ladder, Inc. Finding no error, we affirm.

We review a district court's order excluding or admitting evidence for an abuse of discretion. Belk, Inc. v. Meyer Corp., U.S., 679 F.3d 146, 161 (4th Cir. 2012). The admission of expert testimony is governed by Fed. R. Evid. 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Expert testimony rooted in "subjective belief or unsupported speculation" does not suffice. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 590 (1993). We conclude that the district court did not abuse its discretion in excluding Dr. Kelkar's testimony, as he failed to provide sufficient facts or data upon

which the district court could conclude that his opinion was based on reliable principles and methods. Nor did the court abuse its discretion in denying the motion to reconsider this ruling.

Next, we review de novo a district court's order granting summary judgment. Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. at 568 (quoting Fed. R. Civ. P. 56(a)). In determining whether a genuine issue of material fact exists, we "view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." Id. at 565 n.1 (internal quotation marks omitted). However, "[c]onclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

Because the Zuckermans' injuries occurred in South Carolina and removal to the district court was based on diversity of citizenship, this court applies South Carolina substantive law. Oglesby v. Gen. Motors Corp., 190 F.3d 244, 251 (4th Cir. 1999).

4

To establish a products liability claim under South Carolina law, a plaintiff must show:

> (1) that he was injured by the product; (2) that the product, at the time of the accident, was in essentially the same condition as when it left the hands of the defendant; and (3) that the injury occurred because the product was in a defective condition unreasonably dangerous to the user.

Sauls v. Wyeth Pharm., Inc., 846 F. Supp. 2d 499, 502 (D.S.C. 2012). While a plaintiff may prove a products liability claim through circumstantial evidence, "one cannot draw an inference of a defect from the mere fact a product failed." Graves v. CAS Med. Sys., Inc., 735 S.E.2d 650, 658 (S.C. 2012). Without expert testimony to show the cause of the ladder's failure, all that is left is the unsupported inference that the ladder failed because it was defective. This is insufficient under South Carolina law. Accordingly, we affirm the district court's order granting summary judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5